FILED

2011 FEB 18 P 1: 14

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

1 Timothy J. Murphy (State Bar Number 54200)
Jennifer K. Achtert (State Bar No. 197263)
2 FISHER & PHILLIPS LLP
One Embarcadero Center, Suite 2340
3 San Francisco, CA 94111-3712
Telephone: 415/490-9000
4 Facsimile: 415/490-9001

5 Attorneys for Defendant
AVANQUEST NORTH AMERICA, INC.
6

7

8 IN THE UNITED STATES DISTRICT COURT

9 FOR THE NORTHERN DISTRICT OF CALIFORNIA

10

11 WINNIE HUANG,                       CV11 0753
                                      Case No.

12                  Plaintiff,        (Alameda County Superior Court
                                      Case No. RG10552519)
13        vs.

14 AVANQUEST NORTH AMERICA,           **DEFENDANT AVANQUEST NORTH**
   INC., AVANQUEST SOFTWARE USA,      **AMERICA, INC.'S NOTICE OF REMOVAL**
15 LLC; and Does 1 -20, inclusive,

16                  Defendants.
                                      Complaint Filed: December 21, 2010
17

18

19                          **NOTICE OF REMOVAL**

20        Pursuant to 28 U.S.C. sections 1441 and 1446, defendant Avanquest North America,

21 Inc. ("Avanquest"), by and through its attorneys of record, hereby removes the above-entitled

22 action from the Superior Court of the State of California in and for the County of Alameda, to

23 the United States District Court for the Northern District of California, on the following

24 grounds:

25                  **PLEADINGS AND PROCEEDINGS TO DATE**

26        1.        On or about December 21, 2010, Plaintiff Winnie Huang ("Plaintiff") filed a

27 Complaint in the Superior Court of the State of California in and for the County of Alameda

28 ///

NOTICE OF REMOVAL                                                               1
SanFrancisco 115409.1

1    styled *Winnie Huang v. Avanquest North America Inc., Avanquest Software USA, LLC, and*
2    *Does 1 – 20,* Case No. RG 10552519.

3        2.      Removal of a case to federal court is governed by 28 U.S.C. section 1441, which
4    allows removal of "any civil action brought in a State court of which the district courts of the
5    United States have original jurisdiction." 28 U.S.C. § 1441(a). When "one or more otherwise
6    non-removable claims or causes of action" are joined to the claim that allows removal, "the
7    entire case may be removed and the district court may determine all issues therein, or, in its
8    discretion, may remand all matters in which State law predominates." 28 U.S.C. § 1441(c).

9        3.      Pursuant to 28 U.S.C. section 1441, the United States District Court for the
10   Northern District of California has original jurisdiction over the parties and the subject matter
11   of this action because Plaintiff's first cause of action arises under the Family and Medical Leave
12   Act ("FMLA"), 29 U.S.C. section 2601 *et seq*, an act of Congress over which this Court has
13   original jurisdiction without regard to the amount in controversy pursuant to 28 U.S.C. section
14   1331.

15                    **FEDERAL QUESTION JURISDICTION**

16       4.      The Complaint sets forth the facts upon which Plaintiff relies for her causes of
17   action. A copy of Plaintiff's Complaint, along with the Summons and other materials served on
18   Avanquest are attached hereto as Exhibit 1. Exhibit 1 constitutes all process, pleadings, and
19   orders received by Avanquest in this action. Avanquest's Answer, filed on February 17, 2011,
20   is attached as Exhibit 2.

21       5.      In her Complaint, Plaintiff alleges that Avanquest violated the Family and
22   Medical Leave Act, 29 U.S.C. section 2601 *et seq*. Exhibit 1, Complaint, ¶¶ 23-31.

23       6.      Under 28 U.S.C. section 1331, United States District Courts have jurisdiction
24   over all actions arising under the laws of the United States. As Plaintiff has alleged violations
25   of federal law, this case presents federal questions, and the Court has original jurisdiction over
26   Plaintiff's federal claim.

27       7.      Pursuant to 28 U.S.C. section 1367(a), this Court has supplemental jurisdiction
28   over the California state law claims asserted by Plaintiff in the Complaint because such claims

NOTICE OF REMOVAL                                                                               2
SanFrancisco 115409.1

1 | are so related to the federal claim alleged as to form part of the same case or controversy, and

2 | they arise from a common nucleus of operative facts as Plaintiff's federal claim.

3 | 8. As required by 28 U.S.C. section 1446(b), this Notice of Removal is filed within

4 | thirty (30) days after Avanquest was served with the Summons and Complaint. Avanquest was

5 | served by Notice and Acknowledgement, effective January 20, 2011. A copy of the notice and

6 | acknowledgement is attached as Exhibit 3. Named defendant Avanquest Software USA, LLC,

7 | has never been served and was dismissed without prejudice on February 7, 2011. A copy of the

8 | Request for Dismissal is attached as Exhibit 4. The defendants designated Does 1 through 20

9 | are fictitious defendants. See Complaint, ¶ 5. To Avanquest's knowledge, they have not been

10 | served and thus need not join in the Notice of Removal. 28 U.S.C. § 1441(a); see also *Salveson*

11 | *v. W. States Bankcard Assoc.*, 731 F.2d 1423, 1429 (9th Cir. 1984) ("Our circuit rule is that a

12 | party not served need not be joined; the defendants summoned can remove by themselves"),

13 | superseded in part by statute.

14 | **VENUE**

15 | 9. This action is now pending in Superior Court of the State of California in and for

16 | the County of Alameda, and thus is properly removed to the United States District Court for the

17 | Northern District of California pursuant to 28 U.S.C. section 1441(a).

18 | 10. Promptly after filing of this Notice of Removal, Defendant will file in the

19 | Superior Court of the State of California in and for the County of Alameda its Notice of Filing

20 | of Notice of Removal with a copy of this Notice of Removal attached thereto. A copy of

21 | Defendant's Notice of Filing of Notice of Removal is attached hereto as Exhibit 5. Further,

22 | Defendant has sent to Plaintiff a copy of this Notice of Removal, and will promptly send to

23 | Plaintiff a copy of Defendant's Notice of Filing of Notice of Removal.

24 | **INTRA-DISTRICT ASSIGNMENT**

25 | 11. Pursuant to 28 U.S.C. section 1441(a) and Northern District Local Rule 3-2, this

26 | action is properly assigned to the San Francisco Division or Oakland Division because

27 | Avanquest is informed and believes that at least some of the actions that allegedly gave rise to

28 | the Complaint occurred in the County of Alameda.

NOTICE OF REMOVAL
SanFrancisco 115409.1                                                          3

1    12    This Notice of Removal of Action is executed pursuant to Rule 11 of the Federal
2  Rules of Civil Procedure.

3

4        WHEREFORE, Avanquest prays that the above action now pending in the Superior
5  Court for the State of California, County of Alameda, Case Number RG 10552519, be removed
6  to this Court.

7        In addition, should the Court be inclined to remand this action for any reason,
8  Avanquest respectfully requests that the Court issue an order to show cause why the case should
9  not be remanded, giving Avanquest (as well as Plaintiff) an opportunity to present proper
10  briefing and argument before any possible remand. Because a remand order is not subject to
11  appellate review, such a procedure is appropriate.

12

13  DATED: February 17, 2011          FISHER & PHILLIPS LLP

14
                                      By: Jennifer K. Achtert
15                                        Jennifer K. Achtert
16                                        Attorneys for Defendant
                                          AVANQUEST NORTH AMERICA, INC.
17

18

19

20

21

22

23

24

25

26

27

28

Exhibit 1

**CM-010**

| | |
|---|---|
| **ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, State Bar number, and address):* <br> Roberto Ripamonti, SBN 259123 <br> Tsao-Wu, Chow & Yee LLP <br> 685 Market Street, Suite 460 <br> San Francisco, CA 94105 <br> TELEPHONE NO.: (415) 777-1688   FAX NO.: (415) 777-2298 <br> ATTORNEY FOR *(Name):* Plaintiff Winnie Huang | *FOR COURT USE ONLY* <br> *8902917* <br> **FILED** <br> **ALAMEDA CO** <br> **DEC 21 20** <br> By _____ Exec. _____ |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** Alameda
STREET ADDRESS: 1225 Fallon Street
MAILING ADDRESS: 1225 Fallon Street
CITY AND ZIP CODE: Oakland, CA 94612
BRANCH NAME: Rene C. Davidson Courthouse

**CASE NAME:**
Huang v. Avanquest NA Inc., Avanquest Software USA, Does 1-20

| **CIVIL CASE COVER SHEET** | | **Complex Case Designation** | **CASE NUMBER:** RG. 10552519 |
|---|---|---|---|
| ☑ Unlimited <br> (Amount <br> demanded <br> exceeds $25,000) | ☐ Limited <br> (Amount <br> demanded is <br> $25,000 or less) | ☐ Counter  ☐ Joinder <br> Filed with first appearance by defendant <br> (Cal. Rules of Court, rule 3.402) | JUDGE: <br> DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

   **Auto Tort**
   ☐ Auto (22)
   ☐ Uninsured motorist (46)

   **Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
   ☐ Asbestos (04)
   ☐ Product liability (24)
   ☐ Medical malpractice (45)
   ☐ Other PI/PD/WD (23)

   **Non-PI/PD/WD (Other) Tort**
   ☐ Business tort/unfair business practice (07)
   ☐ Civil rights (08)
   ☐ Defamation (13)
   ☐ Fraud (16)
   ☐ Intellectual property (19)
   ☐ Professional negligence (25)
   ☐ Other non-PI/PD/WD tort (35)

   **Employment**
   ☑ Wrongful termination (36)
   ☐ Other employment (15)

   **Contract**
   ☐ Breach of contract/warranty (06)
   ☐ Rule 3.740 collections (09)
   ☐ Other collections (09)
   ☐ Insurance coverage (18)
   ☐ Other contract (37)

   **Real Property**
   ☐ Eminent domain/Inverse condemnation (14)
   ☐ Wrongful eviction (33)
   ☐ Other real property (26)

   **Unlawful Detainer**
   ☐ Commercial (31)
   ☐ Residential (32)
   ☐ Drugs (38)

   **Judicial Review**
   ☐ Asset forfeiture (05)
   ☐ Petition re: arbitration award (11)
   ☐ Writ of mandate (02)
   ☐ Other judicial review (39)

   **Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
   ☐ Antitrust/Trade regulation (03)
   ☐ Construction defect (10)
   ☐ Mass tort (40)
   ☐ Securities litigation (28)
   ☐ Environmental/Toxic tort (30)
   ☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

   **Enforcement of Judgment**
   ☐ Enforcement of judgment (20)

   **Miscellaneous Civil Complaint**
   ☐ RICO (27)
   ☐ Other complaint *(not specified above)* (42)

   **Miscellaneous Civil Petition**
   ☐ Partnership and corporate governance (21)
   ☐ Other petition *(not specified above)* (43)

2. This case ☐ is  ☑ is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. ☑ monetary  · b. ☑ nonmonetary; declaratory or injunctive relief  c. ☑ punitive
4. Number of causes of action *(specify):* Four
5. This case ☐ is  ☑ is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: 12/15/2010

Roberto Ripamonti
_____
(TYPE OR PRINT NAME)                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

| | | |
|---|---|---|
| Form Adopted for Mandatory Use <br> Judicial Council of California <br> CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740; <br> Cal. Standards of Judicial Administration, std. 3.10 <br> www.courtinfo.ca.gov |

en



*8902909*

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
Avanquest North America Inc., Avanquest Software USA LLC, and
DOES 1-20

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
Winnie Huang

FILED
ALAMEDA COUNTY

DEC 21 2010

Exec. Off./Clerk

By

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* Rene C. Davidson Courthouse
125 Fallon Street
Oakland, CA 94612

**CASE NUMBER** *(Número del Caso):* 1055251 9

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Roberto Ripamonti (SBN 259123);Tsao-Wu, Chow & Yee LLP;685 Market Street #460; SF,CA94105

DATE: DEC 21 2010
*(Fecha)*  Pat S. Sweeten  Clerk, by _____ , Deputy
*(Secretario)* *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☑ on behalf of *(specify):*
   under: ☑ CCP 416.10 (corporation)  ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]
**SUMMONS**
Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov



1  Roberto Ripamonti, Esq. (SB# 259123)
2  Tsao-Wu, Chow, & Yee LLP
   685 Market Street, Suite 460
3  San Francisco, CA 94105
   Telephone: (415)777-1688
4  Facsimile: (415)777-2298

5  Attorneys for Plaintiff,
   Winnie Huang

FILED
ALAMEDA COUNTY

DEC 21 2010

By _____ Exec. Off./Clerk

6              SUPERIOR COURT OF CALIFORNIA
                CITY AND COUNTY OF ALAMEDA
7             UNLIMITED CIVIL JURISDICTION

                                              10552519

8  Winnie Huang,                    )  Case No.: RG
9                                    )
                  Plaintiff,         )  COMPLAINT FOR DAMAGES
10                                   )
   vs.                               )  1. Unlawful Termination in
11                                   )     Violation of the Family
   Avanquest North America Inc.,     )     Medical Leave Act (FMLA)
12 Avanquest Software USA, LLC,      )  2. Unlawful Termination in
   and DOES 1-20                     )     Violation of the California
13                                   )     Pregnancy Disability Leave
                  Defendants.        )     Section of the Fair
14                                   )     Employment and Housing Act
                                     )     (PDL of FEHA)
15                                   )  3. Unlawful Termination in
                                     )     Violation of the California
16                                   )     Family Rights Act (CFRA)
                                     )  4. Unlawful Termination in
17                                   )     Violation of Public Policy
                                     )
18                                   )
                                     )
19                                   )

20

21 PLAINTIFF, Winnie Huang (hereinafter, "Plaintiff"), alleges as

22 follows:

23 ///

24 ///

                                  1
   Complaint for Unlawful Termination in Violation of FMLA, PDL of FEHA, CFRA,
                            and Public Policy

1

## GENERAL ALLEGATIONS

2  1. At all times herein mentioned, Plaintiff, Winnie Huang, is an
3     individual over the age of 18 years, residing in California,
4     San Francisco County.

5  2. Defendant Avanquest Software USA, LLC (hereinafter,
6     "Defendant") is a Limited Liability Company with its
7     principle headquarters at 2 Waters Park Drive, San Mateo,
8     California, 94403.

9  3. Defendant Avanquest North America, Inc., is a California
10    Corporation, with its principle headquarters located at 23801
11    Calabasas Road, STE 2005, Calabasas, California 91302.

12 4. Plaintiff believes, and on basis of that belief, alleges,
13    that Defendant Avanquset Software is a wholly owned
14    subsidiary of Defendant Avanquest North America, Inc.

15 5. Plaintiff is ignorant of the true names and capacities of
16    defendants sued herein as DOES 1-20, inclusive, and therefore
17    sues these defendants by such fictitious names. Plaintiff
18    will amend this complaint to allege their true names and
19    capacities when ascertained.

20 6. Plaintiff had been employed by Defendant since 2003, in both
21    the Accounts-Payable and, beginning October 2009, the
22    Accounts-Receivable departments of the Accounting Division of
23    Defendant Avanquest Software.

24

2

1

## FACTUAL BACKGROUND

2   7. Plaintiff Winnie Huang has been a diligent worker for

3      Avanquest for more than six years, having always performed

4      her responsibilities in a satisfactory manner.

5   8. Ms. Huang began her employment with Defendant Avanquest

6      Software ("Avanquest") in 2003, working in the Accounts-

7      Payable and, beginning October of 2009, the Accounts-

8      Receivable departments of the Avanquest's accounting

9      division, out of their office at 7031 Koll Center Pkwy,

10     Pleasanton, CA 94566.

11  9. At all relevant times, Ms. Huang, along with Melissa Merrell,

12     comprised the only two employees in the Avanquest Accounts-

13     Reveivable Division.

14  10.When Ms. Huang became pregnant in 2009, she made arrangements

15     for maternity leave to be taken starting March, 26, 2010, and

16     continuing through August 16, 2010.

17  11.This leave was taken in line with both Avanquest's own

18     policies and in compliance with the various California and

19     Federal statutes governing such leave.

20  12.Ms. Huang also agreed to use her accrued vacation hours

21     toward the final portion of this leave, and secured the

22     personal approval of Avanquest CFO.

23  13.In acknowledgment of Ms. Huang's impending maternity leave,

24     Avanquest employed a temporary worker, Christine Chen, who

3

Complaint for Unlawful Termination in Violation of FMLA, PDL of FEHA, CFRA,
and Public Policy

1    Ms. Huang herself trained in the functions of her position

2    prior to her leave.

3    14.Beginning on March 26, 2010, Ms. Huang began her maternity

4    leave as planned, with Christine Chen assuming her

5    responsibilities.

6    15.Though Ms. Huang originally scheduled her maternity leave to

7    continue through August 16, 2010, she decided to return to

8    work early on August 2, 2010.

9    16.Ms. Huang contacted the Avanquest Human Resources (HR)

10   department on July 24, 2010, and informed them of her intent

11   to return to work on August 2, 2010. At this time, she was

12   told that her position in the Accounts-Receivable department

13   was being eliminated and that she was being terminated

14   effective immediately.

15   17.On July 28, 2010, Ms. Huang received a letter from the

16   Avanquest HR department reaffirming that "her position had

17   been eliminated" as a "business decision."

18   18.However, belying Avanquest's reasoning for Ms. Huang's

19   termination is the fact that Avanquest hired Christine Chen

20   to Ms. Huang's former position on full-time employment

21   status, the same temporary worker who Ms. Huang herself

22   trained to perform her duties during her leave.

23   19.As a result of Avanquest's conduct, Plaintiff believes and

24   alleges she was wrongfully terminated on the basis of her

4

1  pregnancy and/or the exercising of her rights to take

2  Maternity leave in violation of the Family Medical Leave Act,

3  the California Pregnancy Disability Leave Law, the California

4  Family Rights Act, as well as California Public Policy.

5  20.Plaintiff tried repeatedly to contact Defendant's HR

6  representative, Beth Cleary, to discuss her concerns over the

7  termination, but Defendant repeatedly told Plaintiff's

8  counsel that they would 'need a few more days to respond,"

9  without ever actually making any response whatsoever, and

10  eventually refusing all communications with Plaintiff.

11  21.Plaintiff filed with and received her Right-to-Sue notice

12  from the Department of Fair Employment and Housing on

13  September 24, 2010.

14  22.Plaintiff is therefore legally entitled to bring all the

15  following claims against Avanquest.

16  **FIRST CAUSE OF ACTION**

17  **Violation of the Family Medical Leave Act (FMLA)**

18  **Against All Defendants**

19  23.Plaintiff incorporates by reference the foregoing Paragraphs

20  of this complaint as though fully set forth herein.

21  24.The Family and Medical Leave Act (FMLA) creates two

22  interrelated substantive rights for employees: first,

23  employee has the right to take up to 12 weeks of leave for

24  personal medical reasons, to care for their newborn babies,

5

Complaint for Unlawful Termination in Violation of FMLA, PDL of FEHA, CFRA,
and Public Policy

1    or to care for family members with serious illnesses; second,

2    employee has the right to be restored to his or her original

3    position or to a position equivalent in benefits, pay, and

4    conditions of employment upon return from leave. Family and

5    Medical Leave Act of 1993, §§ 102(a), 104(a), 29 U.S.C.A. §§

6    2612(a), 2614(a).

7    25.As such, the FMLA guarantees that an employee's taking leave

8    will not result in loss of job or in other adverse employment

9    actions.  Family and Medical Leave Act of 1993, §§ 102(a),

10   104(a), 29 U.S.C.A. §§ 2612(a), 2614(a).

11   26.Moreover, an Employer's good faith or lack of knowledge that

12   their conduct is in violation of the FMLA does not protect it

13   from liability thereunder. Family and Medical Leave Act of

14   1993, §2 et seq., 29 U.S.C.A. 2601 et seq.

15   27.Avanquest violated the FMLA when they failed to restore Ms.

16   Huang to her original position, and terminated her employment

17   resultant of her maternity leave.

18   28.Ms. Huang's position in the Accounts-Receivable department

19   had not been eliminated as Avanquest averred.  Rather,

20   Avanquest filled Ms. Huang's position by extending full-time

21   employment status to the very temporary worker who Ms. Huang

22   herself had trained in anticipation of her maternity leave,

23   Christine Chen.

24

6
Complaint for Unlawful Termination in Violation of FMLA, PDL of FEHA, CFRA,
and Public Policy

1   29.Plaintiff has established a prima facie case for violation of

2       the FMLA against Avanquest, and has suffered, and continues

3       to suffer damages as a result of Avanquest's conduct.

4   30.As such, Plaintiff is entitled to back pay and benefits,

5       future lost wages and/or equitable relief such as

6       reinstatement, pain and suffering, and punitive and exemplary

7       damages.

8   31. Wherefore Plaintiff prays for damages against Defendants, as

9       set forth below.

10

11                      **SECOND CAUSE OF ACTION**

12  **Violation of the California Pregnancy Disability Leave Law section**

13        **of the Fair Employment and Housing Act (PDLL of FEHA)**

14                      **Against All Defendants**

15  32.Plaintiff incorporates by reference the foregoing Paragraphs

16      of this complaint as though fully set forth herein.

17  33. The FEHA makes it unlawful for an employer to discriminate

18      against an individual seeking, obtaining, or holding

19      employment, based on that employee's sex, including

20      pregnancy.  Cal. Gov't Code §§ 12920, 12926.

21  34.Claims of employment discrimination under the FEHA are

22      analyzed under the same framework as those brought under

23      Title VII.  *Brooks v. City of San Mateo*, 229 F.3d 917 (9th

24      Cir.2000); *Beyda v. City of Los Angeles*, 65 Cal.App.4th 511,

                                    7

1    517 (1998). In order to prevail in a Title VII case, the

2    plaintiff must establish a prima facie case of

3    discrimination.

4    35. As such, to establish a prima facie case of wrongful

5    termination, plaintiff must offer proof that: (1) she was a

6    member of a protected class; (2) she was performing her job

7    in a satisfactory manner; (3) she suffered an adverse

8    employment action; and (4) other similarly situated employees

9    who were no members of the protected class were treated more

10   favorably. *Aragon v. Republic Silver State Disposal, Inc.*,

11   292 F.3d at 654 (9th Cir.2002).

12   36. Based on the foregoing allegations, Plaintiff has established

13   a prima facie case for violation of the PDLL of FEHA against

14   Avanquest, and has suffered, and continues to suffer damages

15   as a result of Avanquest's conduct.

16   37. As such, Plaintiff is entitled to back pay and benefits,

17   future lost wages and/or equitable relief such as

18   reinstatement, pain and suffering, and punitive and exemplary

19   damages.

20   38. Wherefore Plaintiff prays for damages against Defendants, as

21   set forth below.

22

23

24

8

1

## THIRD CAUSE OF ACTION

2

### Violation of California Family Rights Act (CFRA)

3

### Against All Defendants

4   39.Plaintiff incorporates by reference the foregoing Paragraphs

5   of this complaint as though fully set forth herein.

6   40.It is unlawful for an employer "to refuse to hire, or to

7   discharge, fine, suspend, expel, or discriminate against, any

8   individual because of (1) an individual's exercise of the

9   right to family care and medical leave provides by

10  subdivision (a)." Cal. Gov't Code § 12945.2(I)(1).

11  41.Further, the administrative regulations promulgated under

12  CFRA the cause of action provided for by subdivision (I)(1)as

13  one for "retaliation." 2 CCR § 7297.7.

14  42.To state a claim for retaliation in violation of CFRA, a

15  plaintiff must allege: (1) the defendant was an employer

16  covered by CFRA; (2) the plaintiff was an employee eligible

17  to take CFRA leave; (3) the plaintiff exercised her right to

18  take leave for a qualifying CFRA purpose; and (4) the

19  plaintiff suffered an adverse employment action, such as

20  termination, fine, or suspension, because of her exercise of

21  her right to CFRA leave. *Dudley v. Dep't of Transp.*, 90

22  Cal.App.4th 255, 261 (2001).

23

24

9
Complaint for Unlawful Termination in Violation of FMLA, PDL of FEHA, CFRA,
and Public Policy

43. Based on the foregoing allegations, plaintiff has established a prima facie case for retaliation in violation of CFRA against Avanquest.

44. As such, Plaintiff is entitled to back pay and benefits, future lost wages and/or equitable relief such as reinstatement, pain and suffering, and punitive and exemplary damages.

45. Wherefore Plaintiff prays for damages against Defendants, as set forth below.

### FOURTH CAUSE OF ACTION

**Wrongful Termination in Violation of California Public Policy**

**Against All Defendants**

46. Plaintiff incorporates by reference the foregoing Paragraphs of this complaint as though fully set forth herein.

47. Under California common law, a plaintiff may sue a former employer in tort for wrongful termination in violation of public policy. *Stevenson v. Superior Court*, 16 Cal.4th 880, 887 (1997).

48. In order to succeed on such a claim, the plaintiff must show that she was terminated contrary to a "public policy," which is defined as arising from constitutional or statutory authority, benefitting the public rather than only the interests of an individual, being well-established at the

10

1    time of the discharge, and being "substantial and

2    fundamental." *Id.* At 889-90.

3    49.Moreover, the California Supreme Court has expressly held

4    that alleged sexual discrimination in employment termination

5    can support a cause of action for wrongful termination in

6    violation of public policy. *Rojo v.* Kliger, 52 Cal.3d 65

7    (1990).

8    50.Consequently, because Ms. Huang has made a prima facie case

9    of employment discrimination on the basis of sex and

10   pregnancy in violation of the PDLL of FEHA, FMLA, and CFRA,

11   she also has made a prima facie showing of wrongful

12   termination in violation of public policy.

13   51.As such, Plaintiff is entitled to back pay and benefits,

14   future lost wages and/or equitable relief such as

15   reinstatement, pain and suffering, and punitive and exemplary

16   damages.

17   52. Wherefore Plaintiff prays for damages against Defendants, as

18   set forth below.

19

20   **PRAYER**

21   **WHEREFORE,** Plaintiff, Winnie Huang, prays for judgment against

22   the Defendants, and each of them, as follows:

23   1. For a money judgment for general damages, according to
     proof;

24

---
11

Complaint for Unlawful Termination in Violation of FMLA, PDL of FEHA, CFRA,
and Public Policy

2. For a money judgment for mental pain and anguish and emotional distress, according to proof;

3. For a money judgment representing compensatory damages including lost wages, employee benefits, and all other sums of money, together with interest on these amounts, according to proof;

4. For an award of punitive damages, according to proof;

5. For cost of suit herein incurred;

6. For attorney fees and costs, pursuant to Govt. Code §12965(b); and

7. For such other and further relief as the court deems just and proper.

Dated:  December 14, 2010          Tsao-Wu, Chow & Yee LLP

                                   By:

                                       Roberto Ripamonti, Esq.
                                       Attorney for Plaintiff

Complaint for Unlawful Termination in Violation of FMLA, PDL of FEHA, CFRA, and Public Policy

1                     **DEMAND FOR A JURY TRIAL**

2  Plaintiff hereby demands a trial by jury.

3

4  Dated: December 7, 2010         Tsao-Wu, Chow, & Yee LLP

5

6                      By:

7                         Roberto Ripamonti, Esq.
                         Attorney for Plaintiff,

8                         Winnie Huang

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

Complaint for Unlawful Termination in Violation of FMLA, PDL of FEHA, CFRA, and Public Policy

Tsao-Wu, Chow, & Yee LLP
Attn: Ripamonti, Roberto
685 Market Street
Suite 460
San Francisco, CA 94105

## Superior Court of California, County of Alameda

| Huang | No. RG10552519 |
|---|---|
| **Plaintiff/Petitioner(s)** | |
| VS. | **NOTICE OF CASE MANAGEMENT CONFERENCE AND ORDER** |
| Avanquest North America Inc., | Unlimited Jurisdiction |
| **Defendant/Respondent(s)** | |
| (Abbreviated Title) | |

TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD.
Notice is given that a Case Management Conference has been scheduled as follows:

| Date: 05/05/2011 | Department: 512 | Judge: John M. True, III |
|---|---|---|
| Time: 03:00 PM | Location: **Hayward Hall of Justice** | Clerk: Stacy Oxsen |
| | **2nd Floor** | Clerk telephone: (510) 690-2721 |
| | **24405 Amador Street, Hayward CA 94544** | E-mail: |
| | | Dept.512@alameda.courts.ca.gov |
| | Internet: **http://www.alameda.courts.ca.gov** | Fax: (510) 267-1529 |

### ORDERS

1. You must:
   a. Serve all named defendants and file proofs of service on those defendants with the court within 60 days of the filing of the complaint (CRC 3.110(b));
   b. Give notice of this conference to any party not included in this notice and file proof of service;
   c. Meet and confer, in person or by telephone, to consider each of the issues identified in CRC 3.724 no later than 30 calendar days before the date set for the Case Management Conference;
   d. File and serve a completed Case Management Statement (use of Judicial Council Form CM-110 is mandatory) at least 15 days before the Case Management Conference (CRC 3.725)*

2. If you do not follow the orders above, you are hereby ordered to show cause why you should not be sanctioned under CRC 2.30. The hearing on the Order to Show Cause re: Sanctions will be at the same time as the Case Management Conference. Sanctions may include monetary sanctions and any other sanction permitted by law, including striking pleadings or dismissing the action.

3. You are further ordered to appear in person† (or through your attorney of record) at the Case Management Conference noticed above. You must be thoroughly familiar with the case and fully authorized to proceed.

4. The Direct Calendar Judge will issue orders at the conclusion of the conference that should include:
   a. Referring to ADR and setting an ADR completion date
   b. Dismissing or severing claims or parties
   c. Setting a trial date.

\* Case Management Statements may be filed by E-delivery, by emailing them to the following address: **EDelivery@alameda.courts.ca.gov**. No fee is charged for this service. For further information, go to **Direct Calendar Departments at http://apps.alameda.courts.ca.gov/domainweb**.

†Telephonic appearances at Case Management Conferences may be available by contacting CourtCall, an independent vendor, at least 3 business days prior to the scheduled conference. Parties may make arrangements by calling 1-888-882-6878, or faxing a service request to 1-888-882-2946. This service is subject to charges by the vendor.

### CLERK'S CERTIFICATE OF MAILING

I certify that the following is true and correct: I am the clerk of the above-named court and not a party to this cause. I served this Notice of Hearing by placing copies in envelopes addressed as shown hereon and then by sealing and placing them for collection, stamping or metering with prepaid postage, and mailing on the date stated below, in the United States mail at Alameda County, California, following standard court practices.

Executed on 12/29/2010.

By _____
Deputy Clerk

## *Superior Court of California, County of Alameda*



## *Notice of Assignment of Judge for All Purposes*

Case Number: RG10552519
Case Title:     Huang VS Avanquest North America Inc.,
Date of Filing: 12/21/2010

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

**Pursuant to Rule 3.734 of the California Rules of Court and Title 3 Chapter 2 of the Local Rules of the Superior Court of California, County of Alameda, this action is hereby assigned by the Presiding Judge for all purposes to:**

| | |
|---|---|
| **Judge:** | **John M. True, III** |
| **Department:** | **512** |
| **Address:** | **Hayward Hall of Justice** |
| | **24405 Amador Street** |
| | **Hayward CA 94544** |
| **Phone Number:** | **(510) 690-2721** |
| **Fax Number:** | **(510) 267-1529** |
| **Email Address:** | **Dept.512@alameda.courts.ca.gov** |

Under direct calendaring, this case is assigned to a single judge for all purposes including trial.

**Please note: In this case, any challenge pursuant to Code of Civil Procedure §170.6 must be exercised within the time period provided by law. (See Govt. Code 68616(i); Motion Picture and Television Fund Hosp. v. Superior Court (2001) 88 Cal.App.4th 488, 494; and Code Civ. Proc. §1013.)**

IT IS THE DUTY OF EACH PLAINTIFF AND CROSS COMPLAINANT TO SERVE A COPY OF THIS NOTICE IN ACCORDANCE WITH LOCAL RULES.

### General Procedures

All pleadings and other documents must be filed in the clerk's office at any court location except when the Court permits the lodging of material directly in the assigned department. All documents, with the exception of the original summons and the original civil complaint, shall have clearly typed on the face page of each document, under the case number, the following:

ASSIGNED FOR ALL PURPOSES TO
JUDGE John M. True, III
DEPARTMENT 512

All parties are expected to know and comply with the Local Rules of this Court, which are available on the Court's website at:

http://www.alameda.courts.ca.gov/courts/rules/index.shtml and with the California Rules of Court, which are available at www.courtinfo.ca.gov.

Parties must meet and confer to discuss the effective use of mediation or other alternative dispute processes (ADR) prior to the Initial Case Management Conference. The court encourages parties to file a "Stipulation to Attend ADR and Delay Initial Case Management Conference for 90 Days". Plaintiff received that form in the ADR information package at the time the complaint was filed. The court's Web site also contains this form and other ADR information. If the parties do not stipulate to attend ADR, the parties must be prepared to discuss referral to ADR at the Initial Case Management Conference.

(1)     Counsel are expected to be familiar and comply with the Statement of Professionalism and Civility, Alameda County Bar Association. www.acbanet.org. (2) Appearances by attorneys who are not counsel of record are not permitted except for good cause. Failure to anticipate a non-emergency scheduling conflict is not good cause. (3) In all Law and Motion matters, parties are to deliver courtesy copies of their filings directly to Dept. 512. In non-Law and Motion matters (such as Case Management Conferences), chambers copies of filings are not necessary. (4) All references to "counsel" in this Order apply equally to self-represented litigants. The Court maintains a Self-Help Center at 224 W. Winton Avenue, Room 179, Hayward, CA 94544 (510) 272-1393.

### Schedule for Department 512

The following scheduling information is subject to change at any time, without notice. Please contact the department at the phone number or email address noted above if you have questions.

- Trials generally are held: Mondays through Thursdays. The time will be determined by the Court in coordination with the parties.
- Case Management Conferences are held: Mondays, Tuesdays and Thursdays at 3:00 p.m. Timely filed and complete case management conference statements may eliminate the need for in person conferences by allowing the court to issue a Tentative Case Management Order.
- Law and Motion matters are heard: Mondays, Tuesdays and Thursdays at 3:00 p.m.
- Settlement Conferences are heard: Friday mornings. The time will be determined by the Court in coordination with the parties.
- Ex Parte matters are heard: Mondays, Tuesdays, and Thursdays at 3:00 p.m., as space is available.
- (1) Counsel should consider and recommend creative, efficient approaches to valuing and resolving their case (CRC §3.724). (2) Potential discovery and other problems should be anticipated and discussed. (3) No discovery motion shall be filed without prior serious efforts to resolve it. If those efforts are unsuccessful, the parties should jointly send an e-mail to the court outlining the dispute in a few sentences. The court will then confer with counsel and determine whether there is a way to resolve the matter short of motion.

### Law and Motion Procedures

To obtain a hearing date for a Law and Motion or ex parte matter, parties must contact the department as follows:

- Motion Reservations
  Email: Dept.512@alameda.courts.ca.gov or
  Phone: (510) 690-2721

- Ex Parte Matters
  Email: Dept.512@alameda.courts.ca.gov or
  Phone: (510) 690-2721

**Tentative Rulings**

The court may issue tentative rulings in accordance with the Local Rules. Tentative rulings will become the Court's order unless contested in accordance with the Local Rules. Tentative rulings will be available at:

- Website: www.alameda.courts.ca.gov/domainweb, Calendar Information for Dept. 512
- Phone: 1-866-223-2244

Dated: 12/28/2010 facsimile

Presiding Judge,
Superior Court of California, County of Alameda

**CLERK'S CERTIFICATE OF MAILING**

I certify that the following is true and correct: I am the clerk of the above-named court and not a party to this cause. I served this Notice by placing copies in envelopes addressed as shown on the attached Notice of Initial Case Management Conference and then by sealing and placing them for collection, stamping or metering with prepaid postage, and mailing on the date stated below, in the United States mail at Alameda County, California, following standard court practices.

Executed on 12/29/2010

By digital

Deputy Clerk

Exhibit 2

ENDORSED
FILED
ALAMEDA COUNTY

FEB 1 7 2011

CLERK OF THE SUPERIOR COURT
By ERICA BAKER

1   Timothy J. Murphy (State Bar Number 54200)
    Jennifer K. Achtert (State Bar No. 197263)
2   FISHER & PHILLIPS LLP
    One Embarcadero Center, Suite 2340
3   San Francisco, CA 94111-3712
    Telephone: 415/490-9000
4   Facsimile: 415/490-9001

5   Attorneys for Defendant
    AVANQUEST NORTH AMERICA, INC.

6

7

8

9            SUPERIOR COURT OF THE STATE OF CALIFORNIA

10               FOR THE COUNTY OF ALAMEDA

11   WINNIE HUANG,             Case No.: RG10552519

12           Plaintiff,      *Assigned for All Purposes to Hon. John M. True, III, Dept. 512*

13        vs.

14   AVANQUEST NORTH AMERICA,    **DEFENDANT AVANQUEST NORTH AMERICA, INC.'S ANSWER TO UNVERIFIED COMPLAINT**
    INC.,AVANQUEST SOFTWARE USA,
15   LLC; and Does 1 -20, inclusive,

16         Defendants.     Complaint Filed: December 21, 2010
                            Trial Date: None set

17

18        Defendant Avanquest North America, Inc. ("Defendant"), by and through its counsel,

19   hereby answers the unverified Complaint of plaintiff Winnie Huang ("Plaintiff") as follows:

20                            **GENERAL DENIAL**

21        Pursuant to California Code of Civil Procedure § 431.30, Defendant generally and

22   specifically denies each and every material allegation contained in the Complaint, and further

23   specifically denies that Plaintiff has suffered any injury, damage or loss of any kind or in any

24   sum or sums whatsoever, by reason of any alleged act(s) or omission(s) of Defendant, or any of

25   its employees, agents or anyone else allegedly acting on its behalf.

26   / / /

27   / / /

28   / / /

FAXED
FIRST LEGAL SUPPORT SERVICES

---

COPY

1

## AFFIRMATIVE DEFENSES

2

## FIRST AFFIRMATIVE DEFENSE

3

### (Failure to State A Claim)

4          The Complaint, and each cause of action stated therein, fails to state facts sufficient to

5    constitute a cause of action against Defendant.

6

## SECOND AFFIRMATIVE DEFENSE

7

### (Equitable Defenses)

8          The Complaint, and each cause of action stated therein, is barred by the doctrines of

9    waiver and estoppel, unclean hands, laches and/or forfeiture.

10

## THIRD AFFIRMATIVE DEFENSE

11

### (Failure to Exhaust Administrative Remedies)

12         Plaintiff's claims are limited or barred, in whole or in part, by Plaintiff's failure to

13   comply with all statutory, jurisdictional and procedural requirements under applicable law,

14   including the Fair Employment and Housing Act, and failure to exhaust her administrative

15   remedies thereunder.  (Cal. Gov't Code §12965(b).)

16

## FOURTH AFFIRMATIVE DEFENSE

17

### (Statute of Limitations)

18         The Complaint, and each purported cause of action therein is barred, in whole or in part,

19   by the applicable statutes of limitations, including, but not limited to, California Government

20   Code sections 12960(d) and 12965(b), California Code of Civil Procedure section 335.1, and 29

21   U.S.C. section 2617(c).

22

## FIFTH AFFIRMATIVE DEFENSE

23

### (Compliance with FEHA)

24         Plaintiff's claims and/or recovery of damages on her claims are barred, in whole or in

25   part, because Defendant exercised reasonable care to prevent and promptly correct any alleged

26   discriminatory, harassing and/or retaliatory conduct by its employees at all times, and to the

27   extent that Plaintiff unreasonably failed to use Defendant's established complaint procedures.

28   (Cal. Gov't Code §12940 et seq.)

ANSWER TO UNVERIFIED COMPLAINT                                                                    2
SanFrancisco 115126.1

1

## SIXTH AFFIRMATIVE DEFENSE

2

### (Lack of Notice)

3      Plaintiff's claims, or her recovery of damages thereon, are barred, in whole or in part, to

4   the extent that Defendant had no knowledge or notice, constructive or otherwise, of the alleged

5   misconduct or of the unfitness of any employee alleged to have engaged in misconduct,

6   discrimination, or retaliation.

7

## SEVENTH AFFIRMATIVE DEFENSE

8

### (Failure to State A Claim for Punitive Damages)

9      Plaintiff's claim for punitive damages fails to state facts sufficient to obtain such

10   damages against Defendant. (See Cal. Civil Code § 3294.) To the extent Plaintiff's claims for

11   punitive damages rely upon alleged acts by Defendant's alleged agents purportedly imputed to

12   Defendant, the limitations inherent in general agency principles prohibit such recovery.

13

## EIGHTH AFFIRMATIVE DEFENSE

14

### (Failure to Follow Procedures)

15      Plaintiff's claims are barred, in whole or in part, to the extent that Plaintiff failed to

16   comply with requirements set forth by law or in Defendant's employment policies and

17   procedures.

18

## NINTH AFFIRMATIVE DEFENSE

19

### (Constitutional Defenses to Punitive Damage Claims)

20      Plaintiff's claim for punitive damages is barred, in whole or in part, by the United States

21   and California Constitutions, because (a) the asserted standard for entitlement to punitive

22   damages is vague and arbitrary and the procedure for the assessment of punitive damages

23   violates Defendant's rights to due process of law, to equal protection of the law, the right to be

24   free from the unlawful taking of property, the right to be free of excessive fines and all other

25   substantive and procedural protections of the Constitutions applicable to punitive damages,

26   (b) such claims discriminate against defendants on the basis of wealth and because different

27   amounts can be awarded against two or more defendants for the same conduct where those

28   defendants differ only in material wealth, (c) such claims violate the Separation of Powers

ANSWER TO UNVERIFIED COMPLAINT                                                                    3
SanFrancisco 115126.1

1 | Doctrine since this Court would be usurping the exclusive power of the legislature to define

2 | crimes and establish punishment, and/or (d) such claims operated as an *ex post facto* law in that

3 | any such award would effectively be criminalizing conduct after it has occurred and without

4 | appropriate advance notice to Defendant that such conduct may subject it to such punishment.

5 |

## TENTH AFFIRMATIVE DEFENSE

6 |

### (Good Faith of Defendant)

7 | Plaintiff's claim for punitive damages are barred, in whole or in part, because of

8 | Defendant's good faith efforts to comply with the applicable laws.

9 |

## ELEVENTH AFFIRMATIVE DEFENSE

10 |

### (Failure to Mitigate Damages)

11 | Plaintiff's claims for damages are barred, in whole or in part, to the extent that Plaintiff

12 | has failed to exercise reasonable diligence in mitigating her alleged damages, if any, and to the

13 | extent of such failure to mitigate, any damages awarded to Plaintiff should be reduced

14 | accordingly.

15 |

## TWELFTH AFFIRMATIVE DEFENSE

16 |

### (Pre-Existing Cause)

17 | Plaintiff's claims are barred or limited to the extent that Plaintiff suffered any symptoms

18 | of mental or emotional distress or injury which are the result of any pre-existing condition or

19 | alternative concurrent or subsequent cause, and not the result of any act or omission of

20 | Defendant.

21 |

## THIRTEENTH AFFIRMATIVE DEFENSE

22 |

### (Legitimate Non-Discriminatory Reasons/Privilege/Good Cause)

23 | The Complaint, and each purported cause of action therein, is barred because all conduct

24 | of Defendant affecting the terms and/or conditions of Plaintiff's employment was for legitimate

25 | non-discriminatory reason(s), was privileged and/or justified, and was done with good cause.

26 | Even if Defendant had considered a prohibited factor in any decision, which Defendant denies,

27 | Defendant would have made the same decision in any event for lawful reasons.

28 | ///

ANSWER TO UNVERIFIED COMPLAINT         4
SanFrancisco 115126.1

1

## FOURTEENTH AFFIRMATIVE DEFENSE

2

### (Offset for Other Income Received)

3 Plaintiff's claims for damages are barred to the extent of any interim earnings or other

4 mitigation.

5

## FIFTEENTH AFFIRMATIVE DEFENSE

6

### (ERISA Preemption)

7 Plaintiff's recovery of any compensatory or other monetary damages for any alleged

8 loss of fringe benefits, including medical or retirement benefits, is barred, in whole or in part,

9 on the grounds that the exclusive remedy for such alleged damages is the Employee Retirement

10 and Income Security Act (ERISA) 29 U.S.C. sections 1001, *et seq.*

11

## SIXTEENTH AFFIRMATIVE DEFENSE

12

### (No Entitlement to Attorneys' Fees)

13 Plaintiff's claim for attorneys' fees is barred, in whole or in part, because it violates the

14 rights of Defendant to protection from procedural "due process" and/or "excessive fines" as

15 provided in the United States Constitution, as amended, and in the Constitution of the State of

16 California.

17

## SEVENTEENTH AFFIRMATIVE DEFENSE

18

### (After-Acquired Evidence)

19 Plaintiff's claims or recovery of damages pursuant to her Complaint may be barred, in

20 whole or in part, based on the after-acquired evidence doctrine.

21

## EIGHTEENTH AFFIRMATIVE DEFENSE

22

### (Failure of FMLA and CFRA Claims)

23 Plaintiff's claims under the Family and Medical Leave Act and the California Family

24 Rights Act fail, because Plaintiff did not qualify for leave. Defendant acted at all times fairly

25 and in good faith towards Plaintiff.

26 / / /

27 / / /

28 / / /

1                            **NINETEENTH AFFIRMATIVE DEFENSE**

2                                 **(Reservation of Rights)**

3         Defendant expressly reserves its right to amend this answer and to assert additional

4 affirmative defenses, and to supplement, alter or change this answer and affirmative defenses

5 upon revelation of more definitive facts by Plaintiff and/or upon Defendant's undertaking of

6 discovery and investigation of this matter. Accordingly, the right to assert additional

7 affirmative defenses, if and to the extent that such affirmative defenses are applicable, is hereby

8 reserved.

9

10         WHEREFORE, Defendant Avanquest North America, Inc., prays that judgment be

11 entered in favor of Defendant and against Plaintiff Winnie Huang, that Plaintiff take nothing by

12 way of her Complaint against Defendant, and that Defendant be awarded its costs of suit,

13 including reasonable attorneys' fees, and such other relief that this Court may deem appropriate.

14

15 DATED: February 17, 2011               FISHER & PHILLIPS LLP

16

17                              By: _____
                                      Jennifer K. Achtert

18                                       Attorneys for Defendant
                                    AVANQUEST NORTH AMERICA, INC.

19

20

21

22

23

24

25

26

27

28

ANSWER TO UNVERIFIED COMPLAINT                                      6
SanFrancisco 115126.1

1

## PROOF OF SERVICE

2        I am a citizen of the United States and a resident of Contra Costa County. I am over 18

3 years of age and not a party to this action. My business address is One Embarcadero Center,

4 Suite 2340, San Francisco, CA 94111-3712. On this date I served the following:

5
### DEFENDANT AVANQUEST NORTH AMERICA, INC.'S
### ANSWER TO UNVERIFIED COMPLAINT

6

7 on the following individual(s):

8   ✓   (by mail) on all parties in said action in accordance with Code of Civil Procedure §1013, by placing a true and correct copy thereof enclosed in a sealed envelope in a designated area for outgoing mail, addressed as set forth below. At Fisher & Phillips, mail placed in that designated area is given the correct amount of postage and is

9 deposited that same day, in the ordinary course of business, in a United States mailbox in the County of San Francisco, California.

10        (by Federal Express) on all parties in said action by depositing a true and correct copy thereof in a sealed packet for overnight mail delivery, with charges thereon fully paid, in a Federal Express collection box, at San Francisco,

11 California, and addressed as set forth below.

12        (by facsimile transmission) on all parties in said action, by transmitting a true and correct copy thereof from our office facsimile machine, (415) 490-9001, to the facsimile machine number(s) shown below. Following

13 transmission, I received a "Transmission Report" from our fax machine indicating that the transmission had been transmitted without error.

14        (by electronic service) on all parties in said action in accordance with Cal. Rules of Court, rule 2.260, I caused the documents to be sent to the persons at the electronic notification addresses listed below. I did not receive, within a

15 reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

16

| | |
|---|---|
| 17  Roberto Ripamonti | *Attorneys for Plaintiff* |
| 18  Tsao-Wu, Chow, & Yee LLP | |
|  685 Market St., Suite 460 | Telephone: 415/777-1688 |
| 19  San Francisco, CA 94105 | Facsimile: 415/777-2298 |

20

21       I declare under penalty of perjury under the laws of the State of California that the

22 foregoing is true and correct. Executed on February 17, 2011, at San Francisco, California.

23                           Carol S. Ferrari

24

25

26

27

28

PROOF OF SERVICE

Exhibit 3

**POS-015**

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*:<br>Roberto Ripamonti, Esq. (259123)<br>Tsao-Wu, Chow & Yee LLP<br>685 Market Street, Suite 460<br>San Francisco, CA 94105<br><br>TELEPHONE NO.: 415-777-1688     FAX NO. *(Optional)*:<br>E-MAIL ADDRESS *(Optional)*:<br>ATTORNEY FOR *(Name)*: Winnie Huang | **FOR COURT USE ONLY** |

| |
|---|
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF Alameda<br>STREET ADDRESS: 125 Fallon Street<br>MAILING ADDRESS:<br>CITY AND ZIP CODE: Oakland, CA 94612<br>BRANCH NAME: |

| |
|---|
| PLAINTIFF/PETITIONER: Winnie Huang<br><br>DEFENDANT/RESPONDENT: Avanquest North America Inc., et al |

| | |
|---|---|
| **NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL** | CASE NUMBER:<br>RG-10-552519 |

TO *(insert name of party being served)*: Bruce Friedman

---

### NOTICE

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

Date of mailing: 1/7/11

Roberto Ripamonti

(TYPE OR PRINT NAME)                            (SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

### ACKNOWLEDGMENT OF RECEIPT

This acknowledges receipt of *(to be completed by sender before mailing)*:
1. ☑ A copy of the summons and of the complaint.
2. ☐ Other *(specify)*:

*(To be completed by recipient):*

Date this form is signed:

1.20.11

(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,<br>ON WHOSE BEHALF THIS FORM IS SIGNED)

(SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF<br>ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

Exhibit 4

*9180102*

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name and Address)*:<br>Roberto Ripamonti, Esq (SBN: 259123)<br>Tsao-Wu, Chow & Yee LLP<br>685 Market Street, Suite 460<br>San Francisco, CA 94105 | TELEPHONE NO.:<br>415-777-1688 |
| ATTORNEY FOR *(Name)*: Winnie Huang | |

**F I L E D**
**ALAMEDA COUNTY**

**FEB - 7** 20**1**

**CLERK OF THE SUPERIOR COURT**
By _____
Deputy

Insert name of court and name of judicial district and branch court, if any:
Superior Court of California, County of Alameda

PLAINTIFF/PETITIONER: Winnie Huang

DEFENDANT/ RESPONDENT: Avanquest North America Inc, et al.

| **REQUEST FOR DISMISSAL**<br>☐ Personal Injury, Property Damage, or Wrongful Death<br>  ☐ Motor Vehicle  ☐ Other<br>☐ Family Law<br>☐ Eminent Domain<br>☑ Other *(specify)* :  Wrongful Termination | CASE NUMBER:<br>RG-10-552519 |
|---|---|

- A conformed copy will not be returned by the clerk unless a method of return is provided with the document. -

1. TO THE CLERK: Please **dismiss** this action as follows:
   a. (1) ☐ With prejudice  (2) ☑ Without prejudice

   b. (1) ☐ Complaint  (2) ☐ Petition
   (3) ☐ Cross-complaint filed by *(name)*:                    on *(date)*:
   (4) ☐ Cross-complaint filed by *(name)*:                    on *(date)*:
   (5) ☐ Entire action of all parties and all causes of action
   (6) ☑ Other *(specify)*:*  Dismiss Defendant Avanquest Software USA, LLC from entire Complaint

Date:  1/25/11

Roberto Ripamonti
.............................
(TYPE OR PRINT NAME OF ☑ ATTORNEY ☐ PARTY WITHOUT ATTORNEY)

▶ _____ (SIGNATURE)

*If dismissal requested is of specified parties only of specified causes of action only, or of specified cross-complaints only, so state and identify the parties, causes of action, or cross-complaints to be dismissed.

Attorney or party without attorney for:
☑ Plaintiff/Petitioner
☐ Cross - complainant
☐ Defendant/Respondent

2. **TO THE CLERK:** Consent to the above dismissal is hereby given.**
   Date:

▶

(TYPE OR PRINT NAME OF ☐ ATTORNEY ☐ PARTY WITHOUT ATTORNEY)

(SIGNATURE)

** If a cross-complaint-or Response (Family Law) seeking affirmative relief -is on file, the attorney for cross-complainant (respondent) must sign this consent if required by Code of Civil Procedure section 581 (i) or (j).

Attorney or party without attorney for:
☐ Plaintiff/Petitioner
☐ Cross - complainant
☐ Defendant/Respondent

*(To be completed by clerk)*
3. ☑ Dismissal entered as requested on *(date)*: **FEB - 7 2011**
4. ☐ Dismissal entered on *(date)*: _____ as to only *(name)*:
5. ☐ Dismissal **not** entered as requested for the following reasons *(specify)*:

6. ☐ a. Attorney or party without attorney notified on *(date)*:
      b. Attorney or party without attorney not notified. Filing party failed to provide
         ☐ a copy to conformed ☐ means to return conformed copy

Date: **FEB - 9 2011**       Clerk, by _____ , Deputy

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
CIV-110 [Rev. January 1, 2007]

**REQUEST FOR DISMISSAL**

Code of Civil Procedure, § 581 et seq.;
Cal. Rules of Court, rule 3.1390
www.courtinfo.ca.gov

American LegalNet, Inc.
www.FormsWorkflow.com

Exhibit 5

1  Timothy J. Murphy (State Bar Number 54200)
   Jennifer K. Achtert (State Bar No. 197263)
2  FISHER & PHILLIPS LLP
   One Embarcadero Center, Suite 2340
3  San Francisco, CA 94111-3712
   Telephone: 415/490-9000
4  Facsimile: 415/490-9001

5  Attorneys for Defendant
   AVANQUEST NORTH AMERICA, INC.
6

7

8

9                 SUPERIOR COURT OF THE STATE OF CALIFORNIA

10                        FOR THE COUNTY OF ALAMEDA

11 | WINNIE HUANG,                        | Case No.: RG10552519

12 |               Plaintiff,             | *Assigned for All Purposes to Hon. John M. True, III, Dept. 512*

13 |         vs.                          |
                                         | **DEFENDANT AVANQUEST NORTH**
14 | AVANQUEST NORTH AMERICA,             | **AMERICA, INC.'S NOTICE OF FILING OF**
   | INC., AVANQUEST SOFTWARE USA,        | **NOTICE OF REMOVAL**
15 | LLC; and Does 1 -20, inclusive,      |
                                         | Complaint Filed: December 21, 2010
16 |               Defendants.            | Trial Date: None set

17

18 TO THE CLERK OF THE SUPERIOR COURT OF ALAMEDA COUNTY:

19        PLEASE TAKE NOTICE that Defendant Avanquest North America, Inc., by and

20 through its undersigned counsel, has filed a Notice of Removal, a copy of which is attached

21 hereto as Exhibit A, in the United States District Court for the Northern District of California.

22        Pursuant to 28 U.S.C. §1446(d), no further proceedings may be held in this Court unless

23 and until the case is remanded.

24 DATED: February ___, 2011              FISHER & PHILLIPS LLP

25
                                         By: _____
26                                            Jennifer K. Achtert
                                              Attorneys for Defendant
27                                            AVANQUEST NORTH AMERICA, INC.

28
   _____
   NOTICE OF FILING OF NOTICE OF REMOVAL                            1
   SanFrancisco 115411.1

1 **CERTIFICATE OF SERVICE**

2      I am a citizen of the United States and a resident of Contra Costa County. I am over

3 the age of 18 and not a party to the within action. My business address is One Embarcadero

4 Center, Suite 2340, San Francisco, CA 94111-3712.

5      On this date, I served the following document(s) on the party(ies) in this action in

6 accordance with Rule 5 of Federal Rules of Civil Procedure, by placing a true and correct

7 copy thereof enclosed in a sealed envelope in a designated area for outgoing mail, addressed

8 as set forth below. At Fisher & Phillips, mail placed in that designated area is given the

9 correct amount of postage and is deposited that same day, in the ordinary course of business,

10 in a United States mailbox in the County of San Francisco, California.

11 **1.   CIVIL COVER SHEET;**
   **2.   DEFENDANT AVENQUEST NORTH AMERICA, INC.'S NOTICE OF**
12   **REMOVAL.**

13

| | |
|---|---|
| 14 Roberto Ripamonti | *Attorneys for Plaintiff* |
| Tsao-Wu, Chow, & Yee LLP | |
| 15 685 Market St., Suite 460 | Telephone:  415/777-1688 |
| San Francisco, CA 94105 | Facsimile:  415/777-2298 |
| 16 | |

17      I declare under penalty of perjury under the laws of the United States of America that

18 the foregoing is true and correct.

19      Executed on February 18, 2011 at San Francisco, California.

20                                          *Don Galindo*

21                                          Diana M. Galindo

22

23

24

25

26

27

28

CERTIFICATE OF SERVICE